CHARLOTTE KELLOGG *vs.* INHABITANTS OF NORTHAMPTON.

In an action to recover of a town damages sustained by a defect in a part of the highway, which has been so wrought and repaired by the town for public travel as to induce the public to pass over it, the town cannot introduce evidence that that part of the highway was originally wrought for the accommodation of the abutters.

ACTION OF TORT for an injury received by the plaintiff from a defect in a highway in Northampton. See 4 Gray, 65. A second trial was had in the court of common pleas in Hampshire at February term 1857, before *Perkins*, J., who signed a bill of exceptions, the substance of which was thus:

" It appeared that the house of the plaintiff's father, where she resided, and the house of Jared Bartlett were near each other, by the side of said highway, and that the plaintiff, in going from Bartlett's house towards a house in South Street, stepped upon a culvert, made of plank and covered with earth, within the limits of the highway; and one of the planks gave way, and thus occasioned the injury.

" There was conflicting evidence upon the question whether the culvert was in that part of the highway wrought and used for public travel. The defendant offered to show, as bearing on this question, that the culvert was originally built at the request and for the accommodation of the plaintiff's father and Bartlett, to enable them more easily to pass and repass from their premises to the highway.

" But the court excluded the evidence, as immaterial for the purpose for which it was offered, and instructed the jury that, to entitle the plaintiff to recover, they must be satisfied that the place of the injury to the plaintiff was within the limits of that part of the highway wrought and prepared by the defend-

ants in such manner as to admit the public travel, and which, being so wrought and prepared, had actually induced the public travel to come upon and pass along it in the line of the highway, and that it had been repaired by the defendants for the public use, and that, in consequence of these acts of the defendants, it had become a part of the path usually travelled by the public passing along the line of this road; that the passing of persons on the paths to and from the houses of Bartlett and Kellogg was not to be regarded as public travel for this purpose; that the defendants were not bound to repair the paths or ways to said houses, and therefore not liable for any defects therein; that the defendants were not liable for defects, unless in wrought and publicly travelled path as above stated. To the above rejection of evidence the defendants except."

*S. T. Spaulding*, for the defendants.

*C. Delano*, for the plaintiff.

BIGELOW, J.* The origin of the culvert and the purpose for which it was constructed at the time it was first built were wholly immaterial to the question at issue between the parties at the trial. The inquiry was as to its condition, and the mode in which the surface above it was wrought and used, at the time when the injury was done to the plaintiff. This was a distinct and independent proposition of fact, upon which the intent of the defendants in building the culvert several years before could throw no light. It would rather seem to distract the attention of the jury from the real point at issue by raising a collateral and irrelevant inquiry. By the instructions given to the jury, the whole case was made to turn on the construction, condition and use of the culvert, and the surface above it, at the time of the accident. To render a verdict for the plaintiff, the jury must have found that the place where the accident happened was within the limits of that part of the highway wrought and prepared by the defendants for public travel; that, being so wrought and prepared, persons travelling along the line of the highway were induced to come upon and pass over it; that, after it had

---

* DEWEY, J. did not sit in this case.

been so used for public travel, the defendants had repaired it; and that, in consequence of these acts of the defendants, it had actually become part of the path or track usually travelled by the public in passing over the road. Under these instructions, no inquiry concerning the object for which the defendants originally built the culvert would have been material or proper. It must have been found to have been adopted and incorporated as a part of the highway, wrought, intended and used for public travel at the time when the accident occurred, without regard to the purpose or design of its original construction.

It does not appear by the facts stated in the bill of exceptions that the plaintiff was injured while passing from the house of Bartlett to the highway. It is stated that she was passing along the highway from the house of Bartlett towards a house in South Street. Nor does it appear that any question was raised at the trial as to the right of the plaintiff to recover on the ground that, at the time of the accident, she was not in the use of the highway in the same manner and for the same purposes as other travellers. *Exceptions overruled.*